IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNY MONTGOMERY,              )    Case No. 1:16CV1422

                     )

        Petitioner,        )

                     )    JUDGE JAMES S. GWIN

        v.               )    Magistrate Judge George J. Limbert

                     )

MICHELLE MILLER, Warden,     )

                     )    <u>REPORT AND RECOMMENDATION</u>

        Respondent.     )    <u>OF MAGISTRATE JUDGE</u>


This matter is before the undersigned on a motion to dismiss filed by Respondent

Michelle Miller, Warden of Belmont Correctional Institution ("Respondent"), on November 10,

2016. ECF Dkt. #13. Petitioner Kenny Montgomery ("Petitioner"), acting *pro se*, filed his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 7, 2016.[1] ECF Dkt. #1.

In the motion to dismiss, Respondent asserts that Petitioner's habeas petition should be

dismissed as all grounds raised therein have been procedurally defaulted due to Petitioner's

failure to present said grounds to the Ohio courts. ECF Dkt. #13 at 1, 12-14. Petitioner did not

file a formal response.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988); Respondent indicates that Petitioner was no longer incarcerated at the Belmont Correctional Institution, having been released to the supervision of the Adult Parole Authority, at the time the motion to dismiss was filed. ECF Dkt. #13 at 2. Continuing, Respondent states that the proper respondent to this habeas action is Petitioner's parole officer. *Id.* However, since the filing of the motion to dismiss, Petitioner was reincarcerated and appears to currently reside at the Cuyahoga County Community Based Correctional Facility. In any event, Petitioner continues to satisfy the subject matter requirement placed on the Court because his release is not unconditional. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); *Jones v. Cunningham*, 371 U.S. 236, 242 (1973).

Respondent's motion to dismiss (ECF Dkt. #13) and DISMISS Petitioner's federal habeas

petition (ECF Dkt. #1) in its entirety with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual History

The Eighth District Court of Appeals set forth the facts of this case on direct appeal.

These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden

of rebutting the presumption by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);

*Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 527 U.S. 1040 (1999).  As

set forth by the Eighth District Court of Appeals, the facts are:

> While celebrating his girlfriend's birthday, [Petitioner] and his girlfriend got into a
> fight.  She sustained injuries from the altercation. [Petitioner] was charged with
> felonious assault, and a jury found him guilty.  On appeal, [Petitioner] claims his
> conviction was against the manifest weight of the evidence.  Upon a thorough
> review of the record, we affirm his conviction.
>
> At trial, the victim, Veronica Carter, testified to the following events.  On April
> 18, 2014, she and [Petitioner] were at her home, where he also resided, celebrating
> her birthday.  Several of [Petitioner's] friends were also there.  Carter and
> [Petitioner] started drinking in the afternoon, and both were intoxicated.  At one
> point after midnight, [Petitioner] took Carter's phone and went out the door.
> Carter went after him to get her phone back.  [Petitioner] threw her phone across
> the street and broke it, and Carter swung at him.  The two began fighting.
> [Petitioner] hit Carter in her face and body.  Hearing the commotion, the neighbors
> called the police.  The police arrived and arranged for Carter to be transported to a
> hospital in an ambulance.
>
> Officer John Douglas testified at trial as well.  He arrived at the scene of the
> incident close to midnight.  Carter told him that she was the person he was looking
> for.  Her face was swollen, and there was blood in her mouth.  Her hand was also
> bloody.  Officer Douglas called for an ambulance for Carter.
>
> In addition, Detective Sabrina Sudberry of the police department's domestic unit
> testified that she interviewed Carter a month after the incident.  Carter had just
> returned from treatment at the hospital before the interview.  Describing Carter's
> demeanor, Detective Sudberry testified that Carter still looked a bit shaken.  She

was upset and crying. Carter gave Detective Sudberry a verbal statement of the incident. The account, however, varied somewhat from her testimony at trial. According to Detective Sudberry, Carter said she and [Petitioner] were arguing over her phone while still inside the house. He threw her cell phone to the floor, and the two began fighting. He punched her on her body, face, and upper torso. When she ran outside the house to get away from him, he chased her down the street.

The state's exhibits included pictures taken of Carter's injuries while she was at the hospital, and her medical records from the hospital, which indicated a diagnosis of head injury and nasal fracture.

The jury found [Petitioner] guilty of felonious assault, but not guilty of domestic violence or disrupting public service, which he was also charged with. [Petitioner] received three years of prison for his conviction of felonious assault.

*Ohio v. Montgomery*, 8ᵗʰ Dist. Cuyahoga No. 102043, 2015-Ohio-2158.

### B.     Procedural History

#### 1.     Trial

The May 2014 term of the Cuyahoga County Court of Common Pleas Grand Jury indicted Petitioner on: one count of felonious assault, in violation of Ohio Revised Code ("R.C.") § 2903.11(A)(1); one count of domestic violence, in violation of R.C. § 2919.25(A); and one count of disrupting public services, in violation of R.C. § 2909.04(A). ECF Dkt. #13-1 at 3-4. Petitioner entered a plea of not guilty. *Id.* at 5. Following trial, the jury found Petitioner guilty of felonious assault, and not guilty of domestic violence and disrupting public services. *Id.* at 6. Accordingly, the court imposed a three-year sentence, to run concurrently to Petitioner's sentence in another case. *Id.* at 7.

#### 2.     Direct Appeal

Petitioner, through counsel, filed a notice of appeal with the Eighth District Court of Appeals. ECF Dkt. #13-1 at 22. In his brief, Petitioner raised the following assignment of error:

1. The verdict and judgment below was against the manifest weight of the evidence. *Id.* at 25. The state filed a brief in response. *Id.* at 34. On June 4, 2015, the Eighth District Court of Appeals rejected Petitioner's assignment of error and affirmed the judgment of the trial court. *Id.* at 44. Petitioner failed to file a timely appeal to the Supreme Court of Ohio, instead filing a notice of appeal and motion for leave to file a delayed appeal in the Supreme Court of Ohio over six months after the decision of the appellate court. *Id.* at 52, 54. On February 10, 2016, the Supreme Court of Ohio denied Petitioner's motion for a delayed appeal and dismissed the case. *Id.* at 69.

### 3. Post-Conviction Relief

On December 12, 2014, Petitioner filed a petition for post-conviction relief raising the following two claims for relief:

1. My right to effective assistance of counsel was violated: 6th amendment

   Supporting Facts: I asked the Courts for new counsel on 8/20/2014 and was denied.

2. My right to speedy trial was deprived because my counsel was ineffective. I was arrested 4/22/14 I didn't meet my counsel until 6/20/14.

   Supporting Facts: I did not attend any of my pretrial hearings until 8/20/14. My trial date was set for 8/25/14 I started trial for case #584876 on 9/15/14. [sic]

ECF Dkt. #13-1 at 71-72. Petitioner's petition for post-conviction relief was denied on January 8, 2015. *Id.* at 74.

### 4. Application to Reopen Appeal

On August 27, 2015, Petitioner, *pro se*, filed an Appellate Rule ("App. R.") 26(B) application to reopen his appeal in the Eighth District Court of Appeals. ECF Dkt. #13-1 at 75.

4

In his application to reopen, Petitioner asserted ineffective assistance of appellate counsel on the

following bases: two extensions were sought before filing a brief in the appeal; an ineffective

assistance of trial counsel claim was not raised on appeal; failure to argue that words were added

and changed in the trial transcripts; failure to review the entire record; failure to timely notify

Petitioner of the appellate court's decision; refusal to file an appeal in the trial court case; and

failure to inform Petitioner of oral arguments.  *Id.* at 76-77.  The state filed a brief in opposition

to the application to reopen.  *Id.* at 82.  On February 2, 2016, the Eighth District Court of

Appeals denied Petitioner's application to reopen as meritless.  *Id.* at 87.  Petitioner did not seek

review in the Supreme Court of Ohio.

## II.     FEDERAL HABEAS CORPUS PETITION

Petitioner, acting *pro se*, filed a federal habeas corpus petition pursuant to 28 U.S.C. §

2254 on June 7, 2016.  ECF Dkt. #1.  In his habeas petition, Petitioner asserts the following

grounds for relief:

GROUND ONE: Wrongful incarceration/wrongful conviction

Supporting Facts: While being held for case #584876, I was secretly indicted on
case #584761.  There is no date of arrest for 584761 on the docket.  Even though I
was arrested for "584876", I was indicted on that case 2 weeks after being indicted
on 584876.  Trial was set for 584761 first, instead the state tried 584876 first.
Also in the discovery my age is 57 years old.  I'm 29 years old.

GROUND TWO: Right to counsel/Ineffective assistance of counsel

Supporting Facts: On 8/20/14 I asked the trial court for new counsel.  I gave my
reasons and I was forced to proceed with the counsel I had at the time.  I was put
in a position to either keep the counsel I had or to plea to the charges.  I wanted to
prove my innocence, so I had no choice, but to keep that counsel for trial which
was set for 8/25/14, but reset to 9/15/14.

GROUND THREE: Unfair trial

Supporting Facts: Trial was set for 8/25/14 on both cases 584876, 584876.  The state claims it was reset to 9/15/14 at the defendant's request.  The judge claim to had a meeting so she reset trial at hear request.  The cases were seperated on 9/15/14.  There was no expert testimony and trial counsel did not submit the victim statement or police reports to the jury.

GROUND FOUR: Manifest injustice

Supporting Facts: The state filed a motion of joinder.  On the docket it says defendant's motion denied.  In the states opposition to the post-conviction, and the notice of appeal for 584761, the state claims I was sentenced to 12 yrs.  In the sentencing transcripts it says I was found not guilty of.  584761 say Kenny Montgomery "Jr.", 584876 doesn't!!! [sic]

ECF Dkt. #1 at 5-10.

## III.    **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).

### B.    **Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.

28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion

requirement is satisfied "once the federal claim has been fairly presented to the state courts."

*Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must

present it "to the state courts under the same theory in which it is later presented in federal

court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228

F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due

process" do not "fairly present" claims that specific constitutional rights were violated.

*McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

　　In order to have fairly presented the substance of each of his federal constitutional claims

to the state courts, the petitioner must have given the highest court in the state in which he was

convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878,

881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim

to the state courts by:  (1) relying upon federal cases that use a constitutional analysis; (2) relying

upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of

constitutional law or in terms sufficiently particular to allege the denial of a specific

constitutional right; or (4) alleging facts that are obviously within the mainstream of

constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v.

Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th

Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In *Harris v. Lafler*, the Sixth Circuit laid out the

options that a district court may pursue in dealing with a petition that contains unexhausted

claims:

> When faced with this predicament in the past, we have vacated the order granting
> the writ and remanded the case to the district court so that it could do one of four

7

things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the

burden ... of showing that other available remedies have been exhausted or that circumstances of

peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on

other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present

claims never before presented in the state courts unless he can show cause to excuse his failure to

present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or

that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501

U.S. 722, 748 (1991).

### C.    **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court

has declined to address when a petitioner does not comply with a state procedural requirement.

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on

independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of

procedural default, the state ruling with which the federal court is concerned is the "last

explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing

*Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained

state court decision rests upon procedural default as an "alternative ground," a federal district

court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d

8

264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a

petitioner's claim, federal courts must rely upon the presumption that there are no independent

and adequate state grounds for a state court decision absent a clear statement to the contrary.

*Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to

determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135,

138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state

procedural rule applicable to the petitioner's claim and the petitioner must not have complied

with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last

state court to which the petitioner sought review must have invoked the procedural rule as a basis

for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30;

*Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state

court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320

(6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency,

then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir.

2000) (holding that even if the issue is not raised below, where state supreme court clearly

addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking

the procedural bar must rest on a state law ground that is both independent of the merits of the

federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d

at 313–14. Under the fourth prong, a claim that is procedurally defaulted in state court will not be

reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default

and actual prejudice as a result of the alleged violation of federal law, or that failure to consider

9

the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause"

is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged

constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*,

490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing

court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so
evaluated, either because they were never presented to the state courts (i.e.,
exhausted) or because they were not properly presented to the state courts (i.e.,
were procedurally defaulted), are generally not cognizable on federal habeas
review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

## IV.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and

procedural default, the AEDPA governs this Court's review of the instant case because Petitioner

filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of

April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112

(1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of

the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of

habeas corpus. The AEDPA provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an

10

> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28

U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this Court has
> on a set of materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas

court making the 'unreasonable application' inquiry should ask whether the state court's

application of clearly established federal law was objectively unreasonable." *Id*.  Elaborating on

the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue

the writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly.  Rather,

that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652,

655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.     Decisions of lower federal courts may not be considered.

B.     Only the holdings of the Supreme Court, rather than its dicta, may be
       considered.

C.     The state court decision may be overturned only if:

11

1.        It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

2.        The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

3.        'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

4.        The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V.    ANALYSIS

Respondent asserts that all of the grounds for relief presented in Petitioner's habeas petition are considered within the record since they are based on allegations that can be determined by examination of the files and records in this case. ECF Dkt. #13 at 10-11. Additionally, Respondent contends that Petitioner concedes in his habeas petition that all of his instant grounds for relief are procedurally defaulted due to his failure to present these grounds during direct review. *Id.* at 11. Respondent states, "[a]s apparent cause to excuse these defaults, [Petitioner] asserts ineffective assistance of appellate counsel for failing to raise these claims in his direct appeal." *Id.* The undersigned agrees that Petitioner has conceded that all of grounds for relief contained in his habeas petition are subject to procedural default, as he indicates that he did not raise any of the grounds for relief on appeal. *See* ECF Dkt. #1 at 5-12. Accordingly,

13

Petitioner's habeas petition must be dismissed unless he can show: (1) cause and prejudice to excuse his procedural default; and/or (2) a fundamental miscarriage of justice. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner did not file a response to the motion to dismiss, and has thus failed to make an attempt to show cause and prejudice, or a fundamental miscarriage of justice. In any event, both items are addressed below.

### A. <u>Cause and Prejudice</u>

Respondent correctly asserts that since the Ohio courts were denied the opportunity to review Petitioner's grounds for relief due to his failure to fairly present said grounds, he must demonstrate some external factor as a cause for the defaults, as well as prejudice in order to obtain habeas review. ECF Dkt. #12 at 11 (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *United States v. Frady*, 456 U.S. 152, 168; *Wainwright v. Sykes*, 433 U.S. 72 (1977)). Petitioner asserts that the reasons he failed to fairly present the instant grounds for relief on direct appeal was due to ineffective assistance of appellate counsel. ECF Dkt. #1 at 5-12. However, as correctly stated by Respondent, "a claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim." ECF Dkt. #13 at 12 (quoting *Goldberg v. Money*, 629 F.3d 534, 537 (6th Cir. 2012)). Although Petitioner filed a timely application to reopen pursuant to App. R. 26(B), none of the assertions of ineffective assistance of counsel presented in his habeas petition were presented in the application to reopen. *See* ECF Dkt. #13-1 at 75-81.

Further, even if Petitioner had presented the instant grounds for relief in his application to reopen, he did not appeal the denial of the application to the Supreme Court of Ohio. Petitioner may no longer attempt to appeal the denial of the application to reopen because the Supreme

Court of Ohio's Rules of Practice provide that the motions for delayed appeal involving post-conviction relief shall be refused. S.Ct.Prac.R. 701(A)(4)(c). Any claim regarding ineffective assistance of appellate counsel claim raised by Petitioner is subject to procedural default. The undersigned finds that Petitioner has failed to show cause for his procedural default, and thus an analysis of prejudice is moot.[2] Accordingly, the undersigned recommends that the Court find that Petitioner has failed to show cause to excuse his procedural default.

### B.    Miscarriage of Justice

A fundamental miscarriage of justice is the conviction of one who is actually innocent. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court of the United States explained:

> To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.

*Schlup v. Delo*, 513 U.S. 298, 234 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Respondent correctly asserts that Petitioner has failed to present any "new" reliable evidence to facilitate a finding that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *See* ECF Dkt. #13 at 13. Accordingly, the undersigned recommends that the Court find that there has been no fundamental miscarriage of justice in this case.

---

[2]Petitioner does not present any argument regarding prejudice.

15

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT

Respondent's motion to dismiss (ECF Dkt. #13) and DISMISS Petitioner's federal habeas

petition (ECF Dkt. #1) in its entirety with prejudice.


DATE: May 31, 2017                              */s/  George J. Limbert*
                                          GEORGE J. LIMBERT
                                          UNITED STATES MAGISTRATE JUDGE



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to
file objections within the specified time WAIVES the right to appeal the Magistrate Judge's
recommendation. L.R. 72.3(b).